### NATIONAL SURETY CO. v. FIRST NAT. BANK OF FLORALA.

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

#### No. 4012.

1. **Insurance ☞360(1)—Fidelity insurance; discovery of embezzlement before payment of renewal premium held not to invalidate.**

In an action on a fidelity bond given for a bank employee, pleas alleging that by the terms of the bond it became void, unless renewal premium was paid within 60 days after it became due and payable, that it was not paid when due and payable, and not until after embezzlement by the employee had been discovered, *held* not to state a defense; it not being alleged that payment was not made within the 60 days.

2. **Insurance ☞392(6)—Receipt of premium after due waiver of delay in payment.**

Receipt of a premium by the insurer in a fidelity bond after its due date is a waiver of the delay in payment, and binds the insurer as to breaches occurring prior to such receipt, and it is not relieved from liability by a tender back of the premium after the breach is known.

3. **Appeal and error ☞1040(7)—Error in sustaining demurrers to pleas harmless when facts provable under other pleas.**

Any error in sustaining demurrers to pleas was without prejudice, where every fact pleaded could be proven under another plea.

4. **Appeal and error ☞977(1)—Ruling on motion for new trial not reviewable.**

Ruling on a motion for new trial is not reviewable in the federal courts.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by the First National Bank of Florala against the National Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edmund R. Beckwith, of Montgomery, Ala. (Arrington & Arrington and Fred S. Ball, all of Montgomery, Ala., on the brief), for plaintiff in error.

D. M. Powell, of Greenville, Ala., and B. P. Crum, of Montgomery, Ala. (Albritton & Albritton, of Andalusia, Ala., and Steiner, Crum & Weil, of Montgomery, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. In this suit the First National Bank of Florala, Ala., sued the National Surety Company, seeking to recover on two bonds, one as surety for A. J. Bryan, Jr., for $5,000, and the other as surety for Jas. M. Parrish for $10,000; Bryan as cashier, and Parrish as assistant cashier. This suit was brought in the state court, and removed by the defendant to the United States District Court, where 16 pleas were filed. The plaintiff demurred to all the pleas except the first and second, and on the hearing the demurrer was sustained to the fifth, sixth, thirteenth, fourteenth, fifteenth, and sixteenth. Error is assigned to the court's ruling as to each of these pleas.

The fifth and sixth pleas allege that the bond contained the provision that the bond would be void unless the premium charged was actually paid within 60 days after the same becomes due and payable, and said premium was not paid when due and payable, and not paid until after the discovery of the larceny or embezzlement. The thirteenth and fourteenth pleas allege that the annual premium of said bond was due and payable on February 1, 1917, in advance, and that said premium was not paid when due and payable, and was not paid until the discovery of some of the acts of embezzlement or larceny, and that said premium was tendered to plaintiff. Plea 15 is to the third count, and alleges that the premium on the bond was due and payable on February 1, 1917, and avers that the premium for the annual period was not paid when due and payable, and was not paid until after the acts of larceny or embezzlement had been committed, and for this reason the plaintiff is not entitled to recover for any such acts committed after February 1, 1917. The sixteenth plea is to the same effect as the fifteenth, except that it further alleges knowledge of the plaintiff of the acts of larceny or embezzlement before the payment of the premium.

[1] It does not seem to us that the errors assigned to the court's action in sustaining the demurrer to the fifth and sixth pleas need be discussed. They patently set up no defense to the action brought. It is of no moment that the payment of the premium was not made until after the discovery of the larceny or embezzlement, if made within the 60 days as pleaded, and it is nowhere alleged that said payment was not made within that period.

[2] The assignment of errors to the court's action in sustaining the demurrers to the thirteenth, fourteenth, fifteenth, and sixteenth pleas

are equally untenable. The thirteenth and fourteenth pleas allege the premium was payable on February 1, 1917, in advance, and that the premium was not paid when due, and was tendered plaintiff. No averment in either the thirteenth or fourteenth plea that the bond would be void by reason of the nonpayment of premium, and this is necessary if the nonpayment of premium when due is to be a defense to the action. Tender of the premium received after due date would not help the matter. Receipt of the premium after the due date would be such a waiver of the time of payment as to bind the defendant for the breaches occurring prior to such receipt.

Pleas 15 and 16 need no discussion, except to remark that they do not purport to go to the whole complaint, and, if true, go only pro tanto to the amount to be recovered.

[3] But, even though the trial court had erred in its ruling on these demurrers, it would be error without prejudice, for every fact pleaded in either of these pleas could be proven under the first plea—that the allegations of the complaint were untrue.

[4] Error is also assigned on the court's action in denying the motion for a new trial. By a long line of decisions, this assignment is not reviewable in this court.

The judgment of the lower court will be affirmed.